Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com
MEYER EMPLOYMENT LAW
1 SW Columbia St Ste 1850
Portland, OR 97204
Voice: (503) 459-4010
Fax: (503) 512-5022

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CARLEE DAVIS**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**PROVIDENCE HEALTH & SERVICES - OREGON dba PROVIDENCE SEASIDE HOSPITAL**, a domestic nonprofit corporation,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>29 U.S.C. §2601, *et. seq.*; ORS 659A.183; ORS 653.641(2); ORS 653.641; ORS 659A.199; ORS 659A.030(1)(f); ORS 659A.030(1)(f), ORS 659A.030(1)(g) and Wrongful Termination<br><br>**Demand for Jury Trial** |

　　　　Plaintiff Carlee Davis (formerly Rodgers), through her counsel, makes the following complaint against Defendants PROVIDENCE HEALTH & SERVICES – OREGON PROVIDENCE SEASIDE HOSPITAL dba PROVIDENCE SEASIDE HOSPITAL, a domestic nonprofit corporation.

Page 1       **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## PARTIES, JURISDICTION & VENUE

1.

Plaintiff Carlee Davis ("Plaintiff"), is an individual who resides in Clatsop County, Oregon and is a citizen of the State of Oregon.

2.

Defendant Providence Health & Services – Oregon ("Defendant" or "Providence") doing business as Providence Seaside Hospital is a domestic nonprofit corporation with its principal place of business in Renton, Washington.  Defendant conducts regular and sustained business activity in Oregon, including in the Portland Division of the Oregon District Court.  Throughout the time in question, Defendant employed hundreds of employees in Oregon.

3.

This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action arises under 29 U.S.C. §2601, *et. seq.*. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as claims asserted under the laws of the State of Oregon form part of the same case and controversy.

4.

This Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this action occurred in the District of Oregon, Portland Division.

5.

Davis filed timely claims with the Equal Employment Opportunity Commission ("EEOC") and the Oregon Bureau of Labor and Industries ("BOLI") raising the issues alleged

Page 2     **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

herein. Davis has closed the administrative matters and been or will be issued a notice of right to sue from the EEOC and has timely filed this matter within the time limits of the right to sue. Davis has therefore exhausted administrative remedies.

## FACTUAL ALLEGATIONS

6.

Defendant employed Plaintiff from September 14, 2009, until May 27, 2021.

7.

Defendant initially hired Plaintiff as an emergency department technician. In July of 2011, Plaintiff began working as a Respiratory Therapist for Defendant. Over the next ten years, Plaintiff worked at various Providence hospitals in the northwest Oregon area in both full time and on-call capacities, consistently receiving praise for her work and pay increases. Plaintiff began work at the Providence Seaside Hospital ("PSH") location in or around February of 2017.

8.

In her March 2019 performance review, her supervisor at the time praised her commitment: "Carly is great! Competent, motivated, efficient. Great team player, looks out for others and willing to go the extra mile when needed to cover shifts (in addition to having a new baby)."

9.

Later in 2019, Lisa Bertin became Plaintiff's direct supervisor. Bertin subjected Plaintiff to discipline due to Plaintiff's need to utilize protected leave for herself and her child. Plaintiff reported and opposed Bertin's unlawful treatment to Bertin and to Defendant's HR Department

and was subject to retaliation for doing so. When Plaintiff challenged Defendant's unlawful practices, she was disciplined for having a poor attitude.

10.

Under Defendant's policy and/or practice, an "occurrence" refers to a violation of its attendance policy that can result in disciplinary action. However, in disciplining and terminating Plaintiff, Defendant unlawfully counted Plaintiff's protected time off that should have qualified for Family Medical Leave Act, OSLA, and/or OFLA as "occurrences."

11.

On or around May 27, 2021, Defendant terminated Plaintiff.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 29 U.S.C. §2601, et. seq.
### FMLA Leave Denial, Interference and Retaliation

12.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

13.

At all material times, Plaintiff had been employed by Defendant for 12 months and had performed at least 1,250 hours of service for Defendant during the preceding 12-month period.

14.

Plaintiff invoked FMLA and sufficiently notified Defendant of her need for FMLA. Plaintiff notified Defendant of circumstances sufficient to put Defendant on notice that FMLA may apply, including notifying Defendant about her serious health condition and treatment for the same. Plaintiff utilized leave that was protected leave under FMLA.

Page 4        **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

15.

As set forth above, Defendant denied, interfered with, discriminated and/or retaliated against Plaintiff for utilizing and/or attempting to utilize protected medical leave under FMLA by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff.

16.

In perpetrating the above actions, Defendant violated 29 U.S.C. § 2601 *et seq.* causing Plaintiff to suffer damages.

17.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to lose income and benefits in the future.

18.

In perpetrating the above actions, Defendant acted willfully and/or with knowledge that its actions were in violation of FMLA or with reckless disregard of whether it was violating FMLA. As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her FMLA rights in an amount equal to the sum of Plaintiff's lost wages and benefits, plus prejudgment interest thereon pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii).

19.

Plaintiff seeks her attorney fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

Page 5    **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## SECOND CLAIM FOR RELIEF
### ORS 659A.183(1)
### OFLA Leave Interference/Denial

20.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

21.

OFLA, via ORS 659A.183(1), makes it unlawful for an employer to deny an employee protected family or medical leave, and to fail to notify an employee of their right to protected leave.

22.

OFLA protected leave includes up to 12 weeks for an employee to "recover from or seek treatment for a serious health condition[.]" ORS 659A.159(1)(c).

23.

Defendant violated ORS 659A.183 by, without limitation, interfering with Plaintiff's OFLA rights, including failing to inform Plaintiff of her right to OFLA protected leave, terminating Plaintiff when she was supposed be on OFLA protected leave, denying Plaintiff OFLA leave, and/or discouraging Plaintiff from taking OFLA leave.

24.

Plaintiff reasserts her claim for damages, costs, and attorneys' fees as set forth above.

## THIRD CLAIM FOR RELIEF
### ORS 659A.183(2)
### OFLA Leave Retaliation

25.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

Page 6     **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

26.

ORS 659A.183(2) makes it unlawful for an employer to "[r]etaliate or in any way discriminate against an individual" because the individual has inquired about or submitted a request for family leave, or otherwise invoked any provision of OFLA.

27.

When an employee requests leave under OFLA, the employee is not required to mention a specific statute. *See* 29 C.F.R. § 303(b) ("When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA."); OAR 839-009-0220(2) ("Provisions of OFLA will be construed to the extent possible in a manner that is consistent with any similar provisions of [the federal Family and Medical Leave Act.]").

28.

Defendant violated ORS 659A.183(2) by, without limitation, subjecting Plaintiff to adverse employment action, including termination, based on Plaintiff's request to take medical leave.

29.

Plaintiff re-alleges damages, costs, and attorney fees as set forth above.

**FOURTH CLAIM FOR RELIEF**
**ORS 653.641(1)**
**Sick Leave Denial/Interference**

30.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

Page 7     **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

31.

At all relevant times, Plaintiff qualified for sick time under ORS 653.616.

32.

ORS 653.641 makes it unlawful for an employer to deny or interfere with protected sick time.

33.

Defendant violated ORS 653.641 by failing to provide sick leave to Plaintiff in response to her request for time off that qualified for sick leave.

### FIFTH CLAIM FOR RELIEF
### ORS 653.641(2)
### Sick Leave Retaliation/ Discrimination

34.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

35.

ORS 653.641(2) makes it unlawful for an employer to discriminate or retaliate against an employee for using, attempting to use, or inquiring about protected sick time.

36.

Defendant interfered with, discriminated against and/or retaliated against Plaintiff for invoking, utilizing and/or attempting to utilize protected sick time by taking adverse employment action, including termination, against Plaintiff in response to her request to use qualifying sick time.

### SIXTH CLAIM FOR RELIEF
### ORS 659A.030(1)(f)
### Unlawful Retaliation

Page 8    **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

37.

Plaintiff re-alleges and incorporates by reference the facts and allegations set forth in the prior paragraphs of this Complaint.

38.

ORS 659A.030(1)(f) makes it an unlawful employment practice for any person "to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so".

39.

Defendant discriminated and retaliated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices.

40.

Defendant's conduct towards Plaintiff, including terminating her employment, was substantially motivated by her good faith reporting and/or opposition to unlawful employment practices.  Plaintiff re-alleges damages, costs, and attorneys' fees as stated in the paragraphs above.

## SIXTH CLAIM FOR RELIEF
### Wrongful Termination

41.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint.

42.

An employer commits the tort of wrongful discharge by, among other actions, terminating an employee "for exercising a job-related right that reflects an important public policy." *Yeager v. Providence Health System*, 96 P.3d 862, 865 (Or. App. 2004) (citation omitted).

43.

At all material times, the public policy of Oregon prohibited an employer from retaliating and discriminating against Plaintiff for inquiring about or invoking the provisions of FMLA, OFLA, and OSLA.

44.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon including, but not limited the statutes delineated in the prior counts, and the rules implementing those statutes.

45.

Defendant subjected Plaintiff to a wrongful discharge by, without limitation, terminating Plaintiff's employment on the basis of her use of one or more of the work-related rights delineated above.

**DEMAND FOR JURY TRIAL**

46.

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

Page 10     **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022

## PRAYER FOR RELIEF

47.

WHEREFORE, Plaintiff requests the following judgments against and relief from Defendant:

(a) Economic damages in an amount to be proven at trial;

(b) Non-economic damages in an amount to be proven at trial;

(c) Reasonable costs and attorney fees, including as authorized by ORS 659A.885 and ORS 20.107;

(d) Punitive damages;

(e) Equitable relief including a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates on the bases as alleged in this complaint;

(f) Prejudgment and post-judgment interest as appropriate and allowed by law;

On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving payment of wages over the applicable time frame;

(g) All such other relief as this Court may deem proper.

DATED: February 18, 2023          Respectfully Submitted:

MEYER EMPLOYMENT LAW

/s/ Robert K. Meyer
Robert K. Meyer, OSB No. 086470
robert@oregonworkplacelaw.com

Of Attorneys for Plaintiff

Page 11     **COMPLAINT**

MEYER EMPLOYMENT LAW
1 SW COLUMBIA ST STE 1850
PORTLAND, OR 97204
VOICE: (503) 459-4010
FAX: (503) 512-5022